1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  HECTOR H. JIMENEZ                )   Case No.: 1:11-cv-00856 JLT (PC)
                                     )
12            Plaintiff,             )   ORDER DISMISSING COMPLAINT WITH
                                     )   LEAVE TO AMEND
13      v.                           )
                                     )   (Doc. 1).
14  D. JAMES, et. al,                )
                                     )
15            Defendants.            )
                                     )
16  _____      )

17          Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to

18  42 U.S.C. § 1983.   Pending before the Court is Plaintiff's complaint filed on April 29, 2011. (Doc. 1).

19  As is required, the Court now screens the complaint and for the reasons set forth below, the Court

20  **ORDERS** the matter be **DISMISSED** with leave to amend.

21  **I.      Screening Requirement**

22          Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds

23  in forma pauperis if the court determines that the case "fails to state a claim on which relief may be

24  granted" or is "frivolous."   A claim is frivolous "when the facts alleged rise to the level of the

25  irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

26  contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

27  ///

28  ///

1

## II.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys.  Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).   The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  Id.  The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See <u>Crumpton v. Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III. § 1983 Claims**

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994). Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1988); <u>Williams v. Gorton</u>, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Section 1983 does not recognize respondeat superior liability. <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate the plaintiff's constitutional. <u>Id</u>. "A supervisor is only liable for constitutional violations of his subordinates if the

3

1  supervisor participated in or directed the violations, or knew of the violations and failed to act to
2  prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3         Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are
4  insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

5  **IV. Plaintiff's Complaint**

6         Plaintiff complains that on June 9, 2010, Defendants James and Tann extracted him from his
7  cell "by means of force."  (Doc. 1 at 3).  Later that day, Defendant Paz escorted him to the holding
8  cells completely naked and in front of a holding cell of females.  (Doc. 1 at 3).  Plaintiff further
9  complains that Defendant Mendez altered his investigative report regarding the incident.  (Doc. 1 at 3).
10 Plaintiff seeks monetary damages and a declaration that his constitutional rights were violated.  (Doc.
11 1 at 3).

12 **V.    Discussion**

13        The Court cannot determine from his Complaint whether Plaintiff can state a cognizable claim
14 against any defendant.[1]  While Plaintiff has identified three defendants who were involved in events
15 which gave rise to Plaintiff's claim, Plaintiff's Complaint does not state facts to show what harm
16 Plaintiff suffered as a result of Defendants' actions, when and how his alleged injuries occurred or
17 what specific action each defendant took to cause his injuries.  Likewise, Plaintiff does not state facts
18 to explain why he believes the cell extraction, the escort to the holding cell, or the altered report to be
19 unconstitutional.  Based upon the authorities set forth in Parts II and III above and the deficiencies
20 described herein, it is plain that Plaintiff has not stated a cognizable claim against any defendant.

21 **VI.    Leave to Amend**

22        The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the
23 deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro
24 se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the
25 deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his

26

27 ─────────────────────
   [1]Plaintiff attaches over 100 pages of exhibits, including inmate grievances, responses to inmate grievances, rules violation
28 reports, and the like.  However, Plaintiff is advised that he cannot use these exhibits as a substitute for pleading sufficient
   facts to state a claim against Defendants.

first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in a recommendation that his action be dismissed.**  Plaintiff is further advised that, if he chooses to amend his complaint, he should carefully consider amending only those claims that can be cured by amendment and not include those claims that are clearly barred.

Plaintiff's first amended complaint, including any exhibits attached thereto, **SHALL NOT** exceed 20 pages. Plaintiff must provide a **short, plain statement** that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  This means that Plaintiff must **briefly** describe who the Defendant is, what the Defendant did, when the Defendant did this and how the Defendant's actions violated Plaintiff's rights. Each Defendant is only liable for the injuries that his/her own actions cause so the complaint must set forth the actions of each defendant, assuming Plaintiff intends to sue more than one person.  Plaintiff is advised that **he need not cite legal authorities or attach exhibits to his complaint.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**VII.   CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1.      Plaintiff's Complaint is (Doc. 1) is **DISMISSED with leave to amend**;

2.      Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint

1     must bear the docket number assigned to this case and must be labeled "First Amended
2     Complaint";
3     3.      The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil
4             rights action; and
5     4.      **Plaintiff is firmly cautioned that failure to comply with this order will result in an**
6             **order dismissing this action.**
7
8  IT IS SO ORDERED.
9     Dated:   **January 28, 2013**                      **/s/ Jennifer L. Thurston**
10                                                        UNITED STATES MAGISTRATE JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28